## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) WORLD FUEL SERVICES, INC.,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | **CASE NO.  CIV-18-827-D** |
| ) | |
| ) | |
| **(1) JEFFREY P. BALES,** ) | |
| **(2) PATTY BALES, and** ) | |
| **(3) BOB BURK OIL CO., INC.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## COMPLAINT

Plaintiff, for its cause of action against Defendants, states as follows:

### PARTIES

1.      Plaintiff World Fuel Services, Inc. is a Texas corporation with its principal place of business in Miami, Florida.

2.      Defendant Jeffrey P. Bales is an individual residing in Payne County, Oklahoma.

3.      Defendant Patty Bales is an individual residing in Payne County, Oklahoma.

4.      Defendant Bob Burk Oil Co., Inc. is an Oklahoma corporation with its principal place of business in Payne County, Oklahoma.

### JURISDICTION AND VENUE

5.      This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) because complete diversity exists between Plaintiff and Defendants and the amount in

controversy exceeds $75,000 exclusive of interest and costs.

6.      Venue is proper in this district under 28 U.S.C. §1391(b) because all Defendants are residents in this district.

## BACKGROUND FACTS

7.      In March 2015 Defendants Jeffrey Bales, Patty Bales, and Bob Burk Oil Co. entered into four wholesale supply agreements with Star Fuel of Oklahoma, LLC, a Kansas limited liability company located in Leawood, Kansas.  In each of these agreements Defendants agreed to purchase from Star Fuel, and Star Fuel agreed to sell to Defendants, a minimum amount of gallons of fuel annually over a certain period of time to sell at Defendants' facilities.  These four agreements covered facilities at the following locations and required Defendants to purchase and Star Fuel to sell the following minimum amount of gallons of fuel annually:

   a. 3215 South Boomer Road, Stillwater, Oklahoma (known as the "Burk Oil Bulk Plant"); 4,117,654 gallons of fuel;

   b. 606 Highway 177 South, Carney, Oklahoma (known as "Adie's Place"); 706,271 gallons of fuel;

   c. 102 North Main, Jennings, Oklahoma (known as "Highway 69 Quick Stop"); 312,780 gallons of fuel;

   d. 614 North Central, Billings, Oklahoma (known as "Rush's"); 277,713 gallons of fuel.

8.      Each of the agreements provides that if Defendants fail to timely make any payment when due or otherwise fail to perform any of their obligations under the agreement and fail to cure such failure (i) within five days after given notice of a monetary default or (ii) within 20 days after given notice of a non-monetary or other default, Defendants are in

default under the agreement.

9.      Each of the agreements provides that if Defendants are in default under the agreement before the expiration of the term of the agreement, Plaintiff may exercise all rights and remedies available to it.  Included within those rights and remedies are the following:

   a.  Defendants shall pay or reimburse Plaintiff for any unamortized, unpaid, or unrealized portion of the financial assistance, imaging, or branding costs, rebates, or incentives provided to Defendants by Plaintiff.

   b.  Defendants shall pay in full all amounts due for fuel purchased under the agreement.

   c.  Defendants shall pay liquidated damages of two cents per gallon of fuel for the minimum annual number of gallons of fuel Defendants were obligated to purchase and Plaintiff was obligated to sell under the agreements.

10.     In the agreements Defendants agreed their failure to purchase the minimum quantities required under the agreements would result in serious losses to Plaintiff; Defendants acknowledged the amount of those losses would be difficult, if not impossible, to ascertain; and Defendants acknowledged and agreed these liquidated damages are not a penalty, and are a reasonable estimate of Plaintiff's damages.

11.     The agreements provide in the event of litigation between the parties the prevailing party is entitled to be reimbursed its reasonable attorney's fees and expenses from the losing party.

12.     The agreements provide the parties waive their right to a jury trial.

13.     On February 22, 2016, Plaintiff succeeded Star Fuel as the seller under the agreements.

14.    Plaintiff has performed all its obligations under the agreements.

## CLAIMS FOR RELIEF
## COUNT 1 – BREACH OF THE AGREEMENTS

15.    Defendants failed to pay for fuel delivered to them, and failed to take delivery of minimum quantities of fuel under the agreements.

16.    Plaintiff gave Defendants written notice of their defaults under the agreements, and Defendants failed to cure their defaults.  Defendants are therefore in default under the agreements.

17.    Plaintiff is entitled to recover the following amounts under the agreements as a result of Defendants' default:

| | |
|---|---|
| Total amount due for fuel purchased by Defendants: | $ 597,092.23 |
| Unamortized charges: | $   28,903.93 |
| Liquidated damages | $ 739,970.46 |
| Total: | $1,365,966.62 |

18.    In addition, Plaintiff is entitled to recover its reasonable attorney fees, expenses, and prejudgment interest.

## REQUEST FOR RELIEF

Plaintiff requests the Court enter judgment in its favor holding Defendants breached their agreements with Plaintiff; awarding Plaintiff $1,365,966.62 in damages for Defendants' breach; awarding Plaintiff prejudgment interest at the statutory rate; awarding Plaintiff its reasonable attorney fees and costs; and awarding Plaintiff such other relief to which Plaintiff is entitled.

Respectfully submitted

DOERNER, SAUNDERS, DANIEL
 & ANDERSON, L.L.P.

*/s/Jon E. Brightmire*
Jon E. Brightmire, OBA No. 11623
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
(918) 591-5258 – *Telephone*
(918) 925-5258 – *Facsimile*
*jbrightmire@dsda.com*

*Attorneys for Plaintiff World Fuel Services, Inc.*

4747307.1

5