## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) WORLD FUEL SERVICES, INC.,** | ) | |
| | ) | |
|     **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CASE NO. CIV-18-827-D** |
| | ) | |
| | ) | |
| **(1) JEFFREY P. BALES,** | ) | |
| **(2) PATTY BALES, and** | ) | |
| **(3) BOB BURK OIL CO., INC.,** | ) | |
| | ) | |
|     **DEFENDANTS.** | ) | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT

Plaintiff moves for a default judgment against Defendants Jeffrey P. Bales, Patty Bales, and Bob Burk Oil Co., Inc.  In support of this Motion, Plaintiff states the following:

### BACKGROUND FACTS

1.    On August 27, 2018, Plaintiff World Fuel Services, Inc. ("WFS") filed this action against Jeffrey P. Bales, Patty Bales, and Bob Burk Oil Co., Inc.  Doc. 1.

2.    The Complaint alleges the following:

    a.    In March 2015 all three Defendants entered into four wholesale fuel supply agreements with Star Fuel of Oklahoma, LLC. These four agreements covered facilities at the following locations and required Defendants to purchase and Star Fuel to sell the following minimum amount of gallons of fuel annually:

- 3215 South Boomer Road, Stillwater, Oklahoma (known as the "Burk Oil Bulk Plant"); 4,117,654 gallons of fuel;

- 606 Highway 177 South, Carney, Oklahoma (known as "Adie's Place"); 706,271 gallons of fuel;

- 102 North Main, Jennings, Oklahoma (known as "Highway 69 Quick Stop"); 312,780 gallons of fuel;

- 614 North Central, Billings, Oklahoma (known as "Rush's"); 277,713 gallons of fuel.

Complaint, ¶7.

    b.   On February 22, 2016, WFS succeeded Star Fuel as the seller under the agreements.  Complaint, ¶13.

    c.   Each of the four agreements provides that if Defendants are in default under the agreement before the expiration of the term of the agreement, WFS may exercise all rights and remedies available to it. Included within those rights and remedies are the following:

- Defendants shall pay or reimburse WFS for any unamortized, unpaid, or unrealized portion of the financial assistance, imaging, or branding costs, rebates, or incentives provided to Defendants by WFS.

- Defendants shall pay in full all amounts due for fuel purchased under the agreement.

- Defendants shall pay liquidated damages of two cents per gallon of fuel for the minimum annual number of gallons of fuel Defendants were obligated to purchase and WFS was obligated to sell under the agreements.

Complaint, ¶9.

    d.  In the agreements Defendants agreed their failure to purchase the minimum quantities required under the agreements would result in serious losses to WFS; Defendants acknowledged the amount of those losses would be difficult, if

2

not impossible, to ascertain; and Defendants acknowledged and agreed liquidated damages are not a penalty, and are a reasonable estimate of WFS's damages. Complaint, ¶10.

     e.  WFS performed all of its obligations under the four agreements. Complaint, ¶14.

     f.  Defendants defaulted under the four agreements by failing to pay for fuel delivered to them and failing to take delivery of minimum quantities of fuel required under the agreements.  WFS gave Defendants written notice of their defaults under the agreements, and Defendants failed to cure their defaults. Complaint, ¶¶15, 16.

     g.  As a result of Defendants' default, WFS is entitled to recover the following amounts:

| | |
|---|---|
| Total amount due for fuel purchased by Defendants: | $  597,092.23 |
| Unamortized charges: | $    28,903.93 |
| Liquidated damages | $  <u>739,970.46</u> |
| Total: | $1,365,966.62 |

Complaint, ¶17.

3.    The agreements provide Defendants are in default if, among other things, Defendants fail to make a timely payment, WFS gives notice of the monetary default, and Defendants fail to cure the default within 5 days. Ex. 1 (Affidavit of Timothy Bohall, ¶4). On May 24, 2018, WFS gave Defendants written notice of their monetary default under the agreements and Defendants failed to cure the defaults within 5 days. *Id.*, ¶6.

4.     On September 24, 2018, Steve Harris and Max Harris of Doyle & Harris entered appearances on behalf of all three Defendants.  Doc. 8, 9.  Defendants, through Doyle & Harris, filed an Answer and Counterclaim (Doc. 11) and a First Amended Answer and Counterclaim (Doc. 16). WFS responded to Defendants' counterclaims, denying Defendants were entitled to any relief on any of their claims.  Doc. 13.

5.     On June 12, 2019, Doyle & Harris filed a motion to withdraw as attorneys for all three Defendants.  Doc. 24.

6.     On June 18, 2019, the Court entered an order granting the motion to withdraw.  Doc. 25.  In its order, the Court stated: "Steven M. Harris and S. Max Harris shall continue to accept service on behalf of Defendants and forward all documents (including this Order) to them for a period of thirty (30) days or until Defendants have either appeared pro se or by new counsel." The Court noted that Defendant Bob Burk Oil Co., Inc. is not a natural person and may proceed in federal court only if represented by counsel, citing LCvR 17.1.  *Id*.

7.     More than thirty (30) days has passed since the Court entered its order.  No counsel has entered an appearance on behalf of Defendants, nor have Defendants Jeffrey Bales and Patty Bales entered an appearance pro se.

## ARGUMENT

### A.  Defendants are in default.

Under Fed.R.Civ.P. 55, a default judgment may be entered against a party who fails to appear or otherwise defend.  A party whose counsel has withdrawn and who doesn't obtain substitute counsel can be found in default for failing to defend.  *See OTO Software,*

*Inc. v. Highwall Techs.*, *LLC*, 2011 WL 3236049, at *3 (D. Col. July 5, 2011) (where defendants failed to obtain substitute counsel after their original counsel withdrew, court stated "a party fails to 'otherwise defend' for purposes of Rule 55 by effectively signaling its intention to cease participating in its own defense, even after filing an answer.").

The Court should grant WFS a default judgment against Defendants because they are no longer defending against WFS's claims. As the Court noted in its June 18, 2019 Order, Bob Burk Oil Co. may proceed only if represented by counsel. *See* LCvR 17.1. *See also Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("it has been our longstanding rule that a corporation must be represented by an attorney to appear in federal court."). No attorney has entered an appearance on behalf of Bob Burk Oil Co. While the individual Defendants Jeffrey Bales and Patty Bales may proceed pro se, they have not entered an appearance pro se. Moreover, even if they are officers of Bob Burk Oil Co., they cannot appear on behalf of it. *See Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 556 (10th Cir. 2001) ("as a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

A default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-3 (10th Cir. 1991). Here, the parties jointly moved for an Amended Scheduling Order, which the Court granted. Several deadlines on that Amended Scheduling Order are fast approaching. WFS had scheduled a corporate representative deposition through

Defendants' prior counsel, which deposition was postponed when Defendants' prior counsel withdrew.  WFS is unable to reschedule that deposition or engage in any other discovery with Bob Burk Oil Co. because Bob Burk Oil Co. has not engaged new counsel and may not proceed pro se.  WFS is aware that Bob Burk Oil Co. has other creditors which have filed suit or obtained judgments against it, and Defendants' delay in prosecuting this case is prejudicing WFS's rights.

Accordingly, a default judgment against Defendants should be entered.

**B.  The allegations in the Complaint are deemed admitted, and support entry of a judgment for WFS that Defendants are liable for breach of contract, and a judgment in favor of WFS on Defendants' counterclaims.**

A defendant who defaults is deemed to have admitted the well-pleaded factual allegations of the Complaint as true.  *See*, *e.g.*, *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  The well-pleaded factual allegations of the Complaint set forth a sufficient basis for entry of a default judgment in favor of WFS and against Defendants on WFS's breach of contract claim.

In addition, WFS should be granted judgment against Defendants on Defendants' counterclaims because Defendants have failed to prosecute those claims as well.

**C.  The Court may enter a judgment for WFS's damages.**

Rule 55(b) provides "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages."  However, an evidentiary hearing is not always required.  In *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983), the Tenth Circuit stated a court may not enter a default judgment without a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical

calculation." The hearing requirement can be satisfied by the submission of affidavits or other documentary evidence if the record created is sufficient for the Court to decide the matters before it. *Lopez v. Highland Construction, LLP*, 2018 WL 1535506, *3 (D. Col. March 29, 2018). Thus, if the Plaintiff's damages are capable of mathematical calculation and supported by affidavits and other evidence in the record, a hearing is not required.

Attached at Exhibit 1 is the Affidavit of Timothy Bohall, Senior Vice President-Credit and Risk with WFS. Mr. Bohall states he reviewed the four wholesale fuel supply agreements described in WFS's Complaint. Ex. 1, ¶4. Mr. Bohall states each of the agreements provides that if Defendants are in default under the agreement before the expiration of the term of the agreement, WFS may exercise all rights and remedies available to it. *Id*. Included within those rights and remedies are the following: (a) Defendants shall pay or reimburse WFS for any unamortized, unpaid, or unrealized portion of the financial assistance, imaging, or branding costs, rebates, or incentives provided to Defendants by WFS; (b) Defendants shall pay in full all amounts due for fuel purchased under the agreement; and (c) Defendants shall pay liquidated damages of two cents per gallon of fuel for the minimum annual number of gallons of fuel Defendants were obligated to purchase and WFS was obligated to sell under the agreements. *Id.*, ¶5. Mr. Bohall states Defendants failed to pay for fuel delivered to them and failed to take delivery of minimum quantities of fuel under the agreements; WFS gave Defendants written notice of the defaults under the agreements; and Defendants failed to cure their defaults, and therefore are in default under the agreements. *Id.*, ¶6.

Mr. Bohall further states he has reviewed the business records of WFS and has determined from its invoices that Defendants purchased fuel they did not pay for in the amount of $597,092.23. In addition, the business records of WFS show the amount of unamortized charges for financial assistance, imaging, branding costs, rebates, and incentives total $28,903.93. Finally, the amount of liquidated damages to which WFS is entitled (2 cents per gallon for the minimum number of gallons Defendants were obligated to purchase) is $739,970.46. A summary of WFS's damages for Defendants' breach is the following:

| | |
|---|---|
| Total amount due for fuel purchased by Defendants: | $  597,092.23 |
| Unamortized charges: | $   28,903.93 |
| Liquidated damages | $  739,970.46 |
| Total: | $1,365,966.62 |

*Id.,* ¶7.

In addition, WFS is entitled to pre-judgment interest from May 29, 2018 (*see* Background Facts, Statement No. 3) to the date of judgment. *See* 12 Okla. Stat. §6 ("any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ."). The Oklahoma pre-judgment interest rate is .92% for 2018 and 1.94% for 2019.

## CONCLUSION

Defendants have failed to prosecute this action. Based upon the well-pleaded allegations in the Complaint and the evidence in the record before the Court, WFS requests

the Court enter a default judgment in its favor and against each Defendant that each Defendant breached their agreements with WFS, and award WFS $1,365,966.62 in damages against each Defendant for their breach, together with pre-judgment interest. In addition, WFS requests the Court enter judgment in its favor and against Defendants on all counterclaims asserted by Defendants.

Respectfully submitted

DOERNER, SAUNDERS, DANIEL
 & ANDERSON, L.L.P.

*/s/Jon E. Brightmire*
Jon E. Brightmire, OBA No. 11623
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
(918) 591-5258 – *Telephone*
(918) 925-5258 – *Facsimile*
*jbrightmire@dsda.com*
*Attorneys for Plaintiff World Fuel Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

S. Max Harris - *max.harris@1926blaw.com*

Steven Harris - *steve.harris@1926blaw.com*

I further certify that on July 25, 2019, I served the foregoing document on the following, who are not registered participants of the ECF System, by U.S. First Class Mail, to:

Bob Burk Oil Co., Inc.
c/o Jeffrey P. Bales, Registered Agent
5703 E. 6th Street
Stillwater, OK 74074

Jeffrey P. Bales
P.O. Box 1866
Stillwater, OK 74076

Patty Bales
P.O. Box 1866
Stillwater, OK 74076

Bob Burk Oil Co., Inc.
P.O. Box 1866
Stillwater, OK 74076

*s/Jon E. Brightmire*

5061872.1

10