## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

WORLD FUEL SERVICES, INC.,          )
                                    )
        *Plaintiff/Counterdefendant*,   )
                                    )
v.                                  )        Case No. CIV-18-827-D
                                    )
JEFFREY P. BALES,                   )
PATTY BALES,                        )
BOB BURK OIL CO., INC.,             )
                                    )
        *Defendants/Counterplaintiffs*.  )

## O R D E R

In a previous Order, the Court directed Defendants Bob Burk Oil, Co., Inc. ("Bob Burk Oil"), Jeffrey Bales, and Patty Bales to show cause why a default judgment should not be entered against them. Defendant Jeffrey Bales and Defendant Patty Bales filed a Response to Order to Show Cause [Docs. No. 37, 39]. The Court construed these filings as a motion to set aside the Clerk's entry of default and ordered briefing on the matter [Doc. No. 38]. As directed by the Court, Plaintiff World Fuel Services, Inc. ("World Fuel"), timely responded to the motion to set aside the Clerk's entry of default [Doc. No. 40]. Defendants Jeffrey and Patty Bales replied [Doc. No. 42]. All matters are now fully briefed and at issue.

## BACKGROUND

The procedural background in this case is simple: the case was filed on August 27, 2018. Counsel for Defendants moved to withdraw on June 12, 2019. Subsequently, Defendants failed to enter an appearance *pro se* or through counsel, which prompted

Plaintiff's Motion for Default Judgment [Doc. No. 26].  It was not until August 18, 2019 that the Court construed a filing made by Jeffrey and Patty Bales as a *pro se* appearance [Doc. Nos. 31, 32].  Defendant Bob Burk Oil has not appeared through counsel.  On November 19, 2019, the Court entered an Order directing the Clerk to enter default against all Defendants pursuant to FED. R. CIV. P. 55(a) [Doc. No. 34].  Plaintiff's Motion for Default Judgment remained unopposed.  *See* Order [Doc. No. 36].

Defendants thereafter made one additional filing [Doc. No. 33].  It consists of a document, which Defendants later explained was meant to show that World Fuel's predecessor in interest was Star Fuel of Oklahoma, LLC, a foreign limited liability company ("Star Fuel"), and Star Fuel's authority to do business in Oklahoma was cancelled by the Secretary of State.  *See* Resp. Show Cause [Doc. No. 37].  Defendants contend that, under Oklahoma law, World Fuel's claims are based on illegal transactions because the transactions occurred while Star Fuel was suspended.  Supplement [Doc. No. 39].  Plaintiff responds by pointing out that Defendants have wholly neglected to address why they failed to defend this action and further do not contest any of the evidentiary materials attached to Plaintiff's Motion for Default Judgment.

## STANDARD OF DECISION

Rule 55(c) provides that an entry of default may be set aside for "good cause."[1]  A court may consider, among other factors, "whether the default was willful, whether

---

[1] "[T]he good cause required by FED. R. CIV. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under FED. R. CIV. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs., Inc.,* 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished)[2] (quoting *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)); *accord Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005) (unpublished). "These factors are not 'talismanic.'" *Hunt v. Ford Motor Co*., 65 F.3d 178, 178 (10th Cir. 1995). The court does not have to consider them all and may consider others. *Id.*

Recognizing that default judgments are a "harsh sanction" and that "strong policies favor resolution of disputes on their merits," the Tenth Circuit has advised that a default judgment must normally be viewed as available only when the adversarial process has been halted because of an essentially unresponsive party. *In re Rains*, 946 F.2d 731, 733 (10th Cir. 1991). In such circumstances, the diligent party must be protected so that it is not subjected to "interminable delay and continued uncertainty as to his rights." *Id.* Default judgments are generally disfavored because "the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Id.*; *accord J & J Sports Prods., Inc. v. Diaz*, No. CIV-13-1200, 2014 WL 4467719, at *2 (W.D. Okla. Sept. 10, 2014) (DeGiusti, J.).

---

[2] All unpublished opinions cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

## DISCUSSION

**I.    Plaintiff's Motion for Default Judgment against Defendant Bob Burk Oil is granted, given Defendant's failure to appear through counsel.**

Because Bob Burk Oil is not a natural person, it may proceed in federal court only if represented by counsel. *See* LCvR 17.1; *see also Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("[A] corporation must be represented by an attorney to appear in federal court."). Although, as a general matter, default judgments are disfavored, entry of a default judgment is committed to the sound discretion of the trial court. *See, e.g., Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) ("Decisions to enter judgment by default are committed to the district court's sound discretion, and our review is for an abuse of discretion."); *Polaski v. Colo. Dep't of Trans.*, 198 F. App'x 684, 685 (10th Cir. 2006) (unpublished) (reviewing for abuse of discretion and finding none where a district court refused to set aside a default based on good cause under Rule 55(c)). FED. R. CIV. P. 55(a) contemplates the entry of a default judgment where a defendant has failed to appear "or otherwise defend."

On August 26, 2019, the Court warned Defendant Bob Burk Oil that, should it not make an entry of appearance through counsel within twenty-one days, it risked "entry of default against it pursuant to Plaintiff's Motion for Default Judgment and Brief in Support" [Doc. Nos. 26, 32]. Defendant Bob Burk Oil has failed to appear through counsel. In its motion, Plaintiff asserts that Defendant is in default because it has failed to defend the case. FED. R. CIV. P. 55. The circuits have adopted different definitions of the phrase "otherwise defend." *See Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 692

(D.N.M. 2018) (collecting cases) ("The meaning of the phrase 'otherwise defend' is not defined in the Rule, and the [c]ircuit courts differ on the scope of the phrase."). In this case, however, Defendant Bob Burk Oil has wholly failed to appear through counsel, despite being given ample opportunity to do so. *See GFSI, Inc. v. San Sun Hats & Cap Co.,* No. 07-2026-JWL-DJW, 2008 WL 489318, at *4 (D. Kan. Feb. 20, 2008) (denying a Rule 55 motion for default judgment on technical grounds but nevertheless finding default judgment warranted pursuant to FED. R. CIV. P. 16 because a corporation had "intentionally failed to secure counsel" despite having "ample opportunity and instructions [for months] to secure legal counsel"); *SecurityNational Mortg. Corp. v. Head*, No. 13-CV-03020-PAB-NYW, 2015 WL 5047636, at *2 (D. Colo. Aug. 26, 2015) (addressing only whether default was appropriate on a joint motion for entry of default and default judgment because no default had yet been entered, and finding entry of default against corporate defendant appropriate, striking its answer because of failure to obtain representation by counsel); *see also Palazzo v. Gulf Oil Corp., 764 F.2d 1381* (11th Cir. 1985) ("Plaintiffs having been fully advised of the need for proper representation of the corporate claims, we agree with the lower court's dismissal of these claims."). Even under the most stringent interpretation of the phrase, Bob Burk Oil has failed to defend against this action.

II. **Good cause exists for setting aside the Clerk's entry of default against Defendants Jeffrey and Patty Bales.**

As to Defendants Jeffrey and Patty Bales, in deciding whether good cause exists for setting aside the default, the Court will turn to the relevant factors outlined by the

Tenth Circuit for direction. Although not determinative, these are a helpful guide to the Court's exercise of discretion. The factors include whether Defendants' default was willful, whether Plaintiff would be prejudiced by setting aside the entry of default, and whether a meritorious defense is presented. *See Hunt,* 65 F.3d at 178; *see also Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs.,* Inc., No. 06-CV-00239-REBMEH, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (turning to these factors in deciding whether to "vacate the clerk's entry of default"). The burden is on the defaulting party to demonstrate the entry of default should be set aside. *Nikwei v. Ross School of Aviation, Inc*., 822 F.2d 939, 943 (10th Cir. 1987).

### A. Willful Default

The Court first considers whether the default was due to Defendants' culpable conduct. On June 12, 2019, Doyle & Harris filed a motion to withdraw as attorneys for all Defendants in this case. *See* Motion [Doc. No. 24]. On June 18, 2019, the Court entered an Order granting the motion, giving Defendants thirty days to appear *pro se* or through counsel, and warning that Defendant Bob Burk Oil could only proceed in federal court if represented by an attorney. *See* Order [Doc. No. 25] ("Because Bob Burk Oil Co., Inc., is not a natural person it may proceed in federal court only if represented by counsel.").

Thirty-seven days later, on July 25, 2019, Plaintiff filed a Motion for Default Judgment, [Doc. No. 26], relying on Defendants' failure to enter a timely appearance pursuant to the Court's Order. Defendants' response to that motion, per the Local Rules, was due twenty-one days after the motion was filed, or on August 15, 2019. *See*

6

LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."). Between July 25, 2019 and August 15, 2019, Defendants made no effort to respond to Plaintiff's motion, nor did they enter an appearance.

On August 16, 2019, Defendants Jeffrey and Patty Bales filed a motion entitled "Special Appearance and Request for Enlargement of Time in Which to Further Answer or Plead" [Doc. No. 31]. That document referenced an August 19, 2019, deadline, which the Court did not set, and asked for a twenty-day extension of time, all while wholly failing to comply with the requirements of the Local Rules regarding requests for extensions of time. *See* LCvR7.1(h) ("Requests for Extensions of Time").

The Court nevertheless deemed Defendants Jeffrey and Patty Bales to have appeared *pro se* by their filing and ordered Defendant Bob Burk Oil to appear by new counsel within twenty-one days. *See* Order [Doc. No. 32] ("[I]t is unclear why [Defendants] purport to seek an extension of time 'in which to plead, answer, or otherwise respond.'"). Twenty-one days came and went, and the September 6, 2019, deadline passed without Defendant Bob Burk Oil entering an appearance through counsel.

It was not until September 17, 2019—fifty-four days after Plaintiff filed its Motion for Default and thirty-two days after Defendants filed their motion requesting a puzzling twenty-day extension of time—that Defendants Jeffrey and Patty Bales filed papers, which appeared to respond to Plaintiff's Motion for Default Judgment. *See* Notice [Doc. No. 33]. Their filing consisted of exactly one sentence directed at the Court and

7

requested "the [C]ourt take judicial notice of the certified records of the Oklahoma Secretary of State including the attached exhibit reflecting the status of Star Fuel of Oklahoma, LLC." The exhibit consisted of a single document and no accompanying explanation. *See id.* [Doc. No. 33-1] at 1–2. It was against this backdrop that the Court found that an entry of default was appropriate. *See* Order [Doc. No. 34]. Still, the Court gave Defendants another opportunity to show why a default judgment should not be entered against them. *See* Show Cause Order [Doc. No. 36]. The deadline given was December 2, 2019. The Court further noted that *pro se* litigants "must follow the same rules of procedure that govern other litigants," and pointed Defendants in the direction of the relevant rule. *Id.* at 36.

On December 2, 2019, Defendants filed their Response to the Court's Order. In these papers, Defendants made no attempt to show that their default was not willful. Their Response is styled as a motion to dismiss, presenting what they consider to be a meritorious defense to Plaintiff's assertions. Defendants have provided no excuse for the period of inaction between June 18, 2019 and August 15, 2019—during which they ignored two court-imposed deadlines—and their failure to either timely appear or respond to Plaintiff's Motion for Default remains completely unjustified. They do not argue this lapse was due to an honest mistake. *See Davidson v. Bank of Am. N.A., No.* 14-CV-01578-CMA-KMT, 2015 WL 854766, at *3 (D. Colo. Feb. 26, 2015) (noting that "an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c)"). This factor weighs in favor of granting Plaintiff's Motion for Default Judgment. *See United States v. Timbers Pres., Routt Cty., Colo.,* 999 F.2d 452,

454 (10th Cir. 1993) ("Generally a party's conduct will be considered culpable only if the party defaulted willfully *or has no excuse for the default*.") (emphases added) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer")); *see also Stratford Holding, LLC v. Foot Locker Retail, Inc.*, 2014 WL 3810577, at *1 (W.D. Okla. Aug. 14, 2014) (finding lack of good cause under Rule 55(c) where litigant offered no evidence to excuse inaction and made unsubstantiated assertions).

### B.  Prejudice to Nondefaulting Party

The Court next considers the prejudice that might befall Plaintiff should entry of default be set aside.  Just as they provide no explanation for their conduct, Defendants do not dispute the contention that setting aside the default would be highly prejudicial to Plaintiff.  Plaintiff, on the other hand, argues that it has been both prejudiced by the delay caused by Defendants inaction and that it will be further prejudiced should the entry of default be vacated.

Given several related proceedings in state court, including a criminal case against Jeffrey Bales that may result in fines and jail time, the delay has and will continue to prejudice Plaintiff's ability to collect on any judgment it may obtain against Defendants. *See* Reply [Doc. No. 40] at 9.  The timing of all relevant filings suggests a finding of prejudice is warranted. One-hundred-and-thirty days passed between Plaintiff's Motion for Default and Defendants' first attempt to substantively respond to Plaintiff's contentions. Certainly, only thirteen days passed between the clerk's entry of default and

Defendants' response to the Show Cause Order, *see Zen & Art of Clients Server Computing, Inc*, 2006 WL 1883173, at *3 (finding no prejudice where a defendant's counsel "entered an appearance seven days after the clerk's entry of default and filed [a] motion only ten days after the entry of default"), but the much lengthier delay that preceded the entry of default—at minimum consisting of thirty-two days—was directly caused by Defendants' inaction.

Considering that Defendants have wholly failed to carry their burden as to this factor, and there is reason to find Plaintiff would be prejudiced by setting aside the default, the Court finds this factor weighs in Plaintiff's favor.

### C. Meritorious Defense

Finally, the Court turns to the factor Defendants do engage, and does so mindful of the liberal standards set forth by Rule 55(c) in this context.  To establish good cause, Defendants must set forth with specificity a meritorious defense. "[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *Zen & Art of Clients Server Computing, Inc.*, 2006 WL 1883173, at *3 (citing *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). A defendant need not demonstrate a likelihood of success on the merits. Rather, a defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.  *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001) (citing *In re Stone*, 588 F.2d at 1319–20).

In March 2015, Star Fuel entered into four agreements with Defendants Jeffrey and Patty Bale and Bob Burk Oil.  On July 21, 2015, Star Fuel's license to do business in Oklahoma was terminated.   On February 22, 2016, Plaintiff World Fuel purchased the agreements at issue, succeeding Star Fuel as the seller under those agreements. On May 24, 2018, World Fuel gave Defendants written notice that they failed to perform under the agreements, allowing them five days within which to cure their default.  Defendants failed to do so. World Fuel subsequently filed this lawsuit on August 27, 2018.

Defendants now argue that World Fuel could not have legally acquired Star Fuel's assets, or more precisely that it could not legally be the successor in interest of a suspended or cancelled limited liability company. The claims brought by Plaintiff against Defendants, however, allegedly arise out of business transactions between the parties to this case, and not between Defendants and Star Fuel.  *See* Complaint [Doc. No. 1] at 3 ⁋ 13. Plaintiff argues the claims arose after World Fuel acquired Star Fuel's assets.

Had Star Fuel, a defunct LLC, sued Defendants, Defendants may well be correct that Star Fuel's subsequent reinstatement in 2018 would not save the suit.  *See Parker Livestock. LLC v. Okla. Nat'l Stock Yards Co.,* No. CIV-12-983-R, 2013 WL 12073231, at *2 (W.D. Okla. May 17, 2013) (dismissing an action because it was commenced by a defunct LLC that was not a legal entity permitted to bring suit in any Oklahoma court, even though the LLC in that case had provided evidence of its subsequent reinstatement); *see also AT&T Advert., L.P., v. Winningham*, 280 P.3d 360, 364–65 (Okla. Civ. App. 2012) (finding a limited liability company that was cancelled by the Secretary of State for non-payment of fees for three years ceased to exist by time that its agent entered into contract,

and, thus, agent was personally liable for breach of advertising contract). But these are issues not really relevant here; while it makes sense for the law to disallow Star Fuel to pursue claims for conduct occurring during a lapse in its legal status, it makes little sense for Star Fuel's lapse to abridge World Fuel's rights under its legally acquired contracts.

Given the circumstances, however, the Court must liberally construe all *pro se* filings related to this matter. *See Hall v. Witteman*, 584 F.3d 859, 863–64 (10th Cir. 2009) (*pro se* status entitles party to a liberal construction). World Fuel alleges it acquired Star Fuel's assets in February 2016, and all the claims against Defendants arose after World Fuel acquired Star Fuel's asserts, succeeding Star Fuel under the agreements. In their Reply, Defendants refer to the original pleadings. *See* Reply [Doc. No. 42]. In their pleading, Defendants more carefully address these issues and raise meritorious arguments as to the timing of the breach of contract. *See* Amended Answer [Doc. No 16] at 6 ⁋ 14.

The Court finds Defendant Jeffrey and Patty Bales' efforts minimally suffice to establish good cause under the liberal standards set forth by Rule 55(c) in this context, favoring the disposition of claims on their merits. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987) (affirming a district court's denial of a motion for a default judgment and emphasizing that the district court "noted its reluctance to determine the outcome of the suit on the basis of a procedural error, rather than on the merits"). Therefore, the Clerk's entry of default as to Defendants Jeffrey and Patty Bales should be set aside, and the motion for default judgment as to them should be denied.

### III.  Plaintiff is entitled to default judgment against Defendant Bob Burk Oil.

The Court must now turn to whether Plaintiff is entitled to a default judgment against Defendant Bob Burk Oil, Co., Inc.

Upon a motion for default judgment, a district court accepts as true all well-pled allegations in a complaint, except those related to proving damages. *See U.S. v. Craighead*, No. 05-6227, 176 F. App'x 922 (10th Cir. 2006) (unpublished).  The Tenth Circuit has held that, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," and that the court must "exercise[ ] its responsibility to determine that it has the power to enter the default judgment." *Metro. Life Ins. Co. v. Johnson*, No. 14-CV-00811-KLM, 2015 WL 1945398 at *2, 3 (D. Colo. Apr. 29, 2015) (citing *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986)); *see Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (holding that a default judgment is not appropriate if the court does not have jurisdiction over the subject matter and the defendant).

Once a district court concludes that it has the power to enter a default judgment against a defendant, the court next must determine whether the well-pled allegations of the complaint, if true, state a claim for relief.  *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-CV-02445-LTB-MJW, 2008 WL 793606, *1 (D. Colo. Mar. 22, 2008) (after determining it has jurisdiction over the subject matter and the defendant, a court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment").  A trial court is vested with broad discretion in deciding whether to enter a

default judgment. *See Clancy*, 825 F.2d at 1468 ("A trial court is vested with broad discretion in deciding a default judgment question.").

## A.  The Court has original jurisdiction over the action and personal jurisdiction over the parties.

Subject matter jurisdiction, here, is predicated upon diversity of citizenship. 28 U.S.C. § 1332 (a).  Plaintiff World Fuel is a Texas Corporation with its principal place of business in Miami, Florida.  Complaint at 1.  Defendants are all citizens of Oklahoma. Complete diversity exists, and the alleged amount in controversy exceeds $75,000 exclusive of interests and costs.  *Id.* at 2.  All parties have submitted themselves to the jurisdiction of the Court.  *See Parker v. Gosmanova*, No. CIV-07-837-D, 2008 WL 2704608, at *3 (W.D. Okla. July 2, 2008).  The Court therefore has the power to enter a default judgment against Defendant Bob Burk Oil Co., Inc.

## B.  The well-pled allegations of Plaintiff's complaint, taken as true, state a claim for relief.

Plaintiff brings a simple breach of contract claim against Defendant Bob Burk Oil, Co., Inc. In Oklahoma, the elements of such claim are (1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach.  *Cates v. Integris Health, Inc.,* 412 P.3d 98, 103 (Okla. 2016), *cert. denied*, 138 S. Ct. 2659 (2018).

Plaintiff alleges that in March 2015 Defendants Jeffrey Bales, Patty Bales, and Bob Burk Oil entered into four wholesale supply agreements with Star Fuel.  Complaint at 1 ¶ 7.  On February 22, 2016, Plaintiff succeeded Star Fuel as the seller under the agreements.  *Id*. at 3 ¶ 13.  Each of the agreements provides that if Defendants, including

Defendant Bob Burk Oil, failed to timely make any payment when due, or otherwise failed to perform any of their obligations under the agreement, and thereafter failed to cure deficiencies, they would be in default. *Id*. at 2 ¶ 8. Defendants failed to pay for fuel delivered to them and failed to take delivery of minimum quantities of fuel under the agreements. *Id*. at 4 ¶ 15. Plaintiff gave written notice of the contractual default, and Defendants failed to cure their default. *Id*. at 4 ¶¶ 15–16. This breach resulted in damages. *Id*. at 4 ¶ 17.

Plaintiff's complaint includes well-pled allegations of all the elements for a breach of contract claim under Oklahoma law.

### C. Defendant Bob Burk Oil has failed to prosecute its counterclaims, and these are therefore dismissed without prejudice.

Pursuant to FED. R. CIV. P. 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. The Tenth Circuit has "consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916–17 (10th Cir. May 16, 2012); *see also AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assocs, Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal without prejudice warranted as sanction for failure to prosecute or for failure to comply with local or federal procedural rules); *States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) (dismissal appropriate where party disregards court orders and fails to proceed as required by court rules). This rule is made applicable to a counterplaintiff's counterclaims by Rule 41(d).

For more than eight months, Defendant Bob Burk Oil, in its capacity as Counterplaintiff, made no effort to prosecute its counterclaims. Defendant Bob Burk Oil has repeatedly ignored the Court's orders to make an appearance through counsel. Pursuant to Rule 41, the Court therefore dismisses all counterclaims asserted on Defendant Bob Burk Oil's behalf for want of prosecution; the dismissal shall be without prejudice to refiling. *See Hunter v. N.Y. State Dept. of Corr. Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (affirming the dismissal of a case because plaintiff did not pursue its claims, including a "significant delay" of 14 months); *Hernandez v. Norinco N. China Indus., Inc.,* 120 F. App'x 371, 372 (D.C. Cir. 2005) (unpublished) (district court did not abuse its discretion by dismissing strict liability suit against manufacturer for failure to prosecute where there was a lengthy period of inactivity, including nine-month delay in attempting to serve manufacturer).

### D. An evidentiary hearing will be conducted for the Court to ascertain damages.

Default judgment, however, cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof. *Id*. at n.2.

Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." The Court finds that Plaintiff has satisfied all procedural requirements for entry of a default judgment as to Defendant Bob Burk Oil Co., Inc., under FED. R. CIV. P. 55, but an

evidentiary hearing will be held to permit an award of damages, after the final disposition of all claims in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [Doc. No. 26] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the parties to this case appear before the Court for an evidentiary hearing on damages at a later date to be set by the Court.

**IT IS FURTHER ORDERED** that the parties submit an agreed proposed scheduling order addressing all remaining deadlines no later than July 1, 2020.

**IT IS FURTHER ORDERED** that Defendants Jeffrey and Patty Bales' Motion to Set Aside Clerk's Entry of Default [Doc. No. 37] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that any counterclaims asserted on behalf of Defendant Bob Burk Oil, Co., Inc., are **DIMISSED WITHOUT PREJUDICE** for want of prosecution.

**IT IS SO ORDERED** this 18th day of June, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge