## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WORLD FUEL SERVICES, INC., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. CIV-18-827-D |
| | ) ) |
| JEFFREY P. BALES, PATTY BALES, and BOB BURK OIL CO., INC., | ) ) ) ) |
| *Defendants*. | ) ) |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment [Doc. No. 47]. Plaintiff filed a Response [Doc. No. 50]. Defendants did not file a reply.

## BACKGROUND

This case centers around four contracts. Star Fuel, a Kansas limited liability company, entered into four wholesale supply agreements with Jeffrey and Patty Bales and Bob Burk Oil in March 2015.[1] In July of that year, Star Fuel's license to do business in Oklahoma was terminated. On February 22, 2016, Plaintiff, World Fuel Services, Inc. ("World Fuel"), purchased the agreements at issue, succeeding Star Fuel as the seller under those agreements.

---

[1] On June 18, 2020, the Court granted Plaintiff's Motion for Default Judgment as to Bob Burk Oil Co., Inc. *See* Order [Doc. No. 44]. The Court also dismissed without prejudice any counterclaims asserted by Bob Burk Oil Co., Inc. for want of prosecution. The instant Motion was filed by Defendants Jeffrey and Patty Bales.

1

On May 24, 2018, World Fuel notified Defendants that they had failed to perform under the agreements. World Fuel subsequently filed this suit on August 27, 2018. Defendants Jeffrey and Patty Bales, *pro se*, have now moved for summary judgment. Defendants assert that World Fuel cannot maintain this suit because (1) World Fuel was not a party to the original agreements, and (2) Star Fuel was suspended from doing business and could not be legally succeeded by another entity. World Fuel, however, contends that it assumed the rights of Star Fuel under the agreements and is suing based on transactions that occurred after the 2016 asset purchase.

## STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the facts and evidence are such that a reasonable juror could return a verdict for either party. *Id.* All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.*

A movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. "To accomplish this, the facts must be identified by reference to affidavits, deposition

transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); *see* FED. R. CIV. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## UNDISPUTED FACTS

Defendants Jeffrey Bales, Patty Bales, and Bob Burk Oil Company, Inc., entered into four wholesale agreements with Star Fuel of Oklahoma in March 2015. *See* Def.'s Mot. [Doc. No. 47] at 1; Pl.'s Resp. Br. [Doc. No. 50] ¶ 1. On July 21, 2015, Star Fuel was terminated from doing business as a foreign limited liability company in Oklahoma. Def.'s Mot. at 2; Pl.'s Resp. Br. at 3. In March 2016, World Fuel Services, Inc., became the successor to Star Fuel. Def.'s Mot. at 2; Pl.'s Resp. Br. ¶ 2. Star Fuel's registration was cancelled by the Oklahoma Secretary of State on July 21, 2018. Def.'s Mot. at 2; Pl.'s Resp. Br. at 3.

## DISCUSSION

Defendants assert that they cannot be liable to World Fuel because (1) World Fuel was not a named party to the original agreements,[2] and (2) it is a legal impossibility for World Fuel to be a successor of a nonexistent entity. *See* Def.'s Mot. [Doc. No. 47] at 3.

---

[2] Defendants assert that they are not liable to World Fuel because World Fuel was not a party to the original wholesale agreements. While this fact is true, and undisputed, this blanket statement is insufficient for a reasonable jury to find that Defendants could not be liable to World Fuel on this ground.

3

Accordingly, Defendants seek summary judgment in their favor. Plaintiff, in response, contends the Motion should be denied because World Fuel purchased the agreements from Star Fuel, and World Fuel is suing based on transactions that occurred after the asset purchase.

Defendants' primary argument is that they cannot be liable to Plaintiff because it is a legal impossibility for Plaintiff to acquire the rights of a nonexistent entity. Defendants cite to OKLA. STAT. tit. 18, § 2055.2(F), stating that World Fuel has no right to bring a legal action as the successor of a suspended foreign limited liability company. Def.'s Mot. [Doc. No. 47] at 3. This section provides:

> "[a]n action, suit or proceeding may not be maintained . . . by any successor or assignee of the . . . foreign limited liability company *on any right, claim, or demand arising out of the transaction of business by . . . a foreign limited liability company that has ceased to be registered in this state* until the . . . foreign limited liability company, or any person that has acquired all or substantially all of its assets, has caused the limited liability company to be reinstated . . . as a foreign limited liability company duly registered in this state, as applicable."

OKLA. STAT. tit. 18, § 2055.2(F) (emphasis added). By the plain language of the statute, Defendants would be correct if the transactions in question were those of Star Fuel. World Fuel may not bring an action on behalf of Star Fuel for transactions that occurred between Star Fuel and Defendants after Star Fuel ceased to exist. World Fuel, however, is suing for transactions that occurred after World Fuel acquired the rights under the wholesale agreements from Star Fuel.

World Fuel relies on OKLA. STAT. tit. 18, § 2048(b). This section provides that "[t]he failure of a foreign limited liability company to register in this state does not impair the

4

validity of any contract or act of the foreign limited liability company or prevent the foreign limited liability company from defending any action, suit, or proceeding in any court of this state." OKLA. STAT. tit. 18, § 2048(b). Under this statute, Star Fuel's failure to register with the State of Oklahoma did not affect the validity of its contract with Defendants. Defendants cite to no evidence that the Asset Purchase Agreement was otherwise invalid.[3]

The Court finds, after careful review of the summary judgment record, that Defendants are not entitled to judgment as a matter of law on this issue. Plaintiff has presented minimally sufficient facts from which reasonable jurors could find in their favor. Thus, there is a genuine factual dispute as to whether Defendants could be liable to World Fuel for a breach of the agreements.

## CONCLUSION

For these reasons, the Court finds that Defendants are not entitled to summary judgment regarding the breach of contract claims. Thus, Defendants' Motion for Summary Judgment [Doc. No. 47] is **DENIED.**

**IT IS SO ORDERED** this 22nd day of March, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Notably, the record does not include a copy of the Asset Purchase Agreement.