## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WORLD FUEL SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-827-D |
| JEFFREY P. BALES and PATTY BALES, | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

The parties' proposed Final Pretrial Report [Doc. No. 63] is deficient and is not approved. It contains excessive objections and reflects a failure of the parties to resolve issues capable of resolution through reasonable, cooperative efforts. It also appears to reflect a failure to comply with the Scheduling Order and local rules concerning the disclosure and exchange of evidence. Plaintiff objects to every proposed exhibit listed by Defendants because Defendants failed to submit an exhibit list as required in the Scheduling Order. The Scheduling Order clearly stated that, "except for good cause shown, no witness will be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness or exhibit was included in the party's filed witness or exhibit list." *See* [Doc. No. 18]; *see also* Fed. R. Civ. P. 26(a)(3) (requiring timely pretrial disclosures). Defendants have not sought relief from this provision.[1]

---

[1] *Pro se* litigants are required to follow the same rules of procedure that govern other litigants. *McDaniels v. Barr*, No. CIV-19-1134-D, 2020 WL 4227329, at *2 (W.D. Okla. July 23, 2020) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Further, in their Amended Answer [Doc. No. 16], Defendants asserted counterclaims, including one for wrongful termination under the Petroleum Marketing Practices Act, 15 U.S.C. §§2801–2806, against Plaintiff. These counterclaims, however, do not appear in the Final Pretrial Report. Out of abundance of caution, the Court finds it should ensure Defendants, both of whom appear *pro se*, are aware of the consequences of a failure to include the counterclaims in the Final Pretrial Report.

When the Court approves a final pretrial report, it constitutes an order of the court as to all matters contained in the pretrial report. LCvR16.1(2); Fed. R. Civ. P. 16(e). "An order entered pursuant to Rule 16(e) supersedes the pleadings and controls the subsequent course of litigation." *Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019) (citation and quotation omitted). Therefore, Defendants' failure to include the counterclaims in the Final Pretrial Report would result in an abandonment of their counterclaims.

Accordingly, the parties are directed to revise the Final Pretrial Report to correct the deficiencies indicated herein, and to ensure the report reflects the parties' current intentions regarding claims or counterclaims they intend to pursue at trial. The parties shall submit a revised Final Pretrial Report not later than April 27, 2022.

**IT IS SO ORDERED** this 5th day of April, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge