# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WORLD FUEL SERVICES, INC., | ) |
| PLAINTIFF, | ) |
| V. | ) CASE NO. CIV-18-827-D |
| (1) JEFFREY P. BALES, <br> (2) PATTY BALES, and <br> (3) BOB BURK OIL CO., INC., | ) |
| DEFENDANTS. | ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT

Plaintiff moves for a default judgment against Defendants Jeffrey P. Bales and Patty Bales. (The Court previously entered a default judgment against Defendant Bob Burk Oil Co., Inc. *See* Doc. 44.) In support of this Motion Plaintiff states the following:

## BACKGROUND FACTS

1.  On August 27, 2018, Plaintiff World Fuel Services, Inc. filed this action against Jeffrey P. Bales, Patty Bales, and Bob Burk Oil Co., Inc. Doc. 1.

2.  The Amended Final Pretrial Report ("AFPR") filed by the parties (Doc. 72) contains the following stipulations:

    a.  In March 2015 all three Defendants entered into four wholesale fuel supply agreements with Star Fuel of Oklahoma, LLC. These four agreements covered facilities at the following locations and required Defendants to purchase and Star Fuel to sell the following minimum amount of gallons of fuel annually:

- 3215 South Boomer Road, Stillwater, Oklahoma (known as the "Burk Oil Bulk Plant"); 4,117,654 gallons of fuel;
- 606 Highway 177 South, Carney, Oklahoma (known as "Addie's Place"); 706,271 gallons of fuel;
- 102 North Main, Jennings, Oklahoma (known as "Highway 69 Quick Stop"); 312,780 gallons of fuel;
- 614 North Central, Billings, Oklahoma (known as "Rush's"); 277,713 gallons of fuel.

AFPR, Stip. Fact No. 7.

      b.      Each of the four agreements contains a "Default/Termination" section (§ 16) which provides that if Defendants are in default under the agreement before the expiration of the term of the agreement Star Fuel may exercise all rights and remedies available to it. Included within those rights and remedies are the following:

- Defendants shall pay or reimburse Star Fuel for any unamortized, unpaid, or unrealized portion of the financial assistance, imaging, or branding costs, rebates, or incentives provided to Defendants by Star Fuel.
- Defendants shall pay in full all amounts due for fuel purchased under the agreement.
- Defendants shall pay liquidated damages of two cents per gallon of fuel for the minimum annual number of gallons of fuel Defendants were obligated to purchase and Star Fuel was obligated to sell under the agreements.

AFPR, Stip. Fact No. 8.

      c.      In § 16(f) of the agreements Defendants agreed that their failure to purchase the minimum quantities of fuel required under the agreements "will result in serious losses to [Star Fuel];" the parties "acknowledge that the amount of those

2

losses would be or will be difficult, if not impossible, to ascertain;" and Defendants acknowledge[] and agree[] liquidated damages are not a penalty and are a reasonable estimate of [Star Fuel's] damages."  AFPR, Stip. Fact No. 9.

      d.      Section 16(a) of the agreements provide that Defendants are in default if, among other things, Defendants fail to make a timely payment, Star Fuel gives notice of the monetary default, and Defendants fail to cure the default within 5 days. AFPR, Stip. Fact No. 11.

      e.      On May 24, 2018, World Fuel gave Defendants written notice of their monetary defaults under the agreements and Defendants failed to cure the defaults within 5 days.  AFPR, Stip. Fact No. 12.

3.      In addition, the Complaint alleges:

      a.      On February 22, 2016, World Fuel succeeded Star Fuel as the seller under the four agreements.  Complaint, ¶ 13.

      b.      World Fuel performed all of its obligations under the four agreements. Complaint, ¶14.

      c.      Defendants defaulted under the four agreements by failing to pay World Fuel for fuel delivered to them and failing to take delivery of minimum quantities of fuel required under the agreements.  World Fuel gave Defendants written notice of their defaults under the agreements, and Defendants failed to cure their defaults.  Complaint, ¶¶15, 16.

      d.      As a result of Defendants' default, World Fuel is entitled to recover the following amounts:

| | |
|---|---|
| Total amount due for fuel purchased by Defendants: | $ 597,092.23 |
| Unamortized charges: | $ 28,903.93 |
| Liquidated damages | $ <u>739,970.46</u> |
| Total: | $1,365,966.62 |

Complaint, ¶17.

    4.    On May 2, 2022, the Court entered an order setting the case for non-jury trial on August 16, 2022.  Doc. 76.  On August 5, 2022, the Court entered an order setting a Pretrial Conference for August 11, 2022 at 1:30 p.m.  Doc. 78.

    5.    Plaintiff appeared for the August 11, 2022 Pretrial Conference; Defendants failed to appear.

    6.    Defendant Jefferey Bales told Plaintiff's counsel that Defendants did not intend to appear for trial.

    7.    After Defendants failed to appear for the Pretrial Conference the Court struck the trial setting.

<strong>ARGUMENT</strong>

**A. Defendants are in default.**

Under Fed.R.Civ.P. 55, a default judgment may be entered against a party who fails to appear or otherwise defend.  A party who fails to appear for the final pretrial conference can be found in default for failing to appear.  *See* Fed. R. Civ. P. 16(f)(1)(A) (permitting a

court to issue any order authorized by Rule 37(b)(2)(A)(ii), which includes entering a default judgment, if a party fails to appear at a pretrial conference).

A default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-3 (10th Cir. 1991). Here, Defendants failed to appear at the Pretrial Conference, telling Plaintiff's counsel ahead of time that they did not intend to appear. Defendants also told Plaintiff's counsel that they were not going to appear for trial. They are no longer defending against World Fuel's claims, and are no longer presenting their counter-claims.

Accordingly, a default judgment against Defendants should be entered.

**B. The allegations in the Complaint are deemed admitted and, together with the stipulations contained in the Amended Final Pretrial Report, support entry of a judgment for World Fuel that Defendants are liable for breach of contract, and a judgment in favor of World Fuel on Defendants' counterclaims.**

A defendant who defaults is deemed to have admitted the well-pleaded factual allegations of the Complaint as true. *See*, *e.g.*, *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). In addition, the parties stipulated to several facts in the Amended Final Pretrial Report. The well-pleaded factual allegations of the Complaint and the stipulations set forth a sufficient basis for entry of a default judgment in favor of World Fuel and against Defendants on World Fuel's breach of contract claim.

In addition, World Fuel should be granted judgment against Defendants on Defendants' counterclaims because Defendants have failed to prosecute those claims as well.

### C. The Court may enter a judgment for World Fuel's damages.

Rule 55(b) provides "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." However, an evidentiary hearing is not always required. In *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983), the Tenth Circuit stated a court may not enter a default judgment without a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." The hearing requirement can be satisfied by the submission of affidavits or other documentary evidence if the record created is sufficient for the Court to decide the matters before it. *Lopez v. Highland Construction, LLP*, 2018 WL 1535506, *3 (D. Col. March 29, 2018). Thus, if the Plaintiff's damages are capable of mathematical calculation and supported by affidavits and other evidence in the record, a hearing is not required.

Attached at Exhibit 1 is the Affidavit of David Milligan, Senior Vice President-Retail Development Land with World Fuel. Mr. Milligan states he reviewed the four wholesale fuel supply agreements described in World Fuel's Complaint. Ex. 1, ¶4. Mr. Milligan states each of the agreements provides that if Defendants are in default under the agreement before the expiration of the term of the agreement, World Fuel may exercise all rights and remedies available to it. *Id*. Included within those rights and remedies are the following: (a) Defendants shall pay or reimburse World Fuel for any unamortized, unpaid, or unrealized portion of the financial assistance, imaging, or branding costs, rebates, or

6

incentives provided to Defendants by World Fuel; (b) Defendants shall pay in full all amounts due for fuel purchased under the agreement; and (c) Defendants shall pay liquidated damages of two cents per gallon of fuel for the minimum annual number of gallons of fuel Defendants were obligated to purchase and World Fuel was obligated to sell under the agreements.  *Id.,* ¶5.  Mr. Milligan states Defendants failed to pay for fuel delivered to them and failed to take delivery of minimum quantities of fuel under the agreements; World Fuel gave Defendants written notice of the defaults under the agreements; and Defendants failed to cure their defaults, and therefore are in default under the agreements.  *Id.,* ¶6.

Mr. Milligan further states he has reviewed the business records of World Fuel and has determined from its invoices that Defendants purchased fuel they did not pay for in the amount of $597,092.23.  Attached at Exhibit A of Mr. Milligan's Affidavit is a listing of all past due invoices showing the balance due of $597,092.23. In addition, the business records of World Fuel show the amount of unamortized charges for financial assistance, imaging, branding costs, rebates, and incentives total $28,903.93. Attached at Exhibit B of his Affidavit is a breakdown of the unamortized charges due and owing. Finally, the amount of liquidated damages to which World Fuel is entitled (2 cents per gallon for the minimum number of gallons Defendants were obligated to purchase) is $739,970.46. Attached at Exhibit C of his Affidavit is the calculation of the liquidated damages. A summary of World Fuel's damages for Defendants' breach is the following:

  Total amount due for fuel purchased by Defendants: $ 597,092.23

  Unamortized charges: $ 28,903.93

| | |
|---|---|
| Liquidated damages | $ <u>739,970.46</u> |
| Total: | $1,365,966.62 |

*Id.,* ¶7.

In addition, World Fuel is entitled to pre-judgment interest from May 29, 2018 (*see* Background Facts, Statement No. 3) to the date of judgment. *See* 12 Okla. Stat. §6 ("any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ."). The Oklahoma pre-judgment interest rate is .92% for 2018, 1.94% for 2019, 2.08% for 2020, 0.35% for 2021, and 0.03% for 2022.

## CONCLUSION

Defendants did not appear at the Pretrial Conference despite having notice of it, and have indicated they do not intend to appear for trial. Based upon the well-pleaded allegations in the Complaint, the stipulations contained in the Amended Final Pretrial Report, and the evidence in the record before the Court, World Fuel requests the Court enter a default judgment in its favor and against each Defendant that each Defendant breached their agreements with World Fuel, and award World Fuel $1,365,966.62 in damages against each Defendant, jointly and severally, for their breach, together with pre-judgment interest. In addition, World Fuel requests the Court enter judgment in World Fuel's favor and against Defendants on all counterclaims asserted by Defendants.

        Respectfully submitted

        DOERNER, SAUNDERS, DANIEL
         & ANDERSON, L.L.P.

        */s/Jon E. Brightmire*
        Jon E. Brightmire, OBA No. 11623
        Two West Second Street, Suite 700
        Tulsa, OK  74103-3117
        (918) 591-5258 – *Telephone*
        (918) 925-5258 – *Facsimile*
        *jbrightmire@dsda.com*
        *Attorneys for Plaintiff World Fuel Services, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on August 22, 2022, I served the foregoing document on the following, who are not registered participants of the ECF System, by U.S. First Class Mail, to:

Bob Burk Oil Co., Inc.
c/o Jeffrey P. Bales, Registered Agent
5703 E. 6th Street
Stillwater, OK 74074

Jeffrey P. Bales
P.O. Box 1866
Stillwater, OK 74076

Patty Bales
P.O. Box 1866
Stillwater, OK 74076

Bob Burk Oil Co., Inc.
P.O. Box 1866
Stillwater, OK 74076

*s/Jon E. Brightmire*

6103289.1