**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

WORLD FUEL SERVICES, INC., )
)
Plaintiff, )
)
v. ) Case No. CIV-18-827-D
)
JEFFREY P. BALES, )
PATTY BALES, )
BOB BURK OIL CO., INC., )
)
Defendants. )

**ORDER**

Before the Court is Plaintiff World Fuel Services, Inc.'s, Motion for Default Judgment Against Defendants Patty and Jeffrey P. Bales [Doc. No. 81] pursuant to Fed. R. Civ. P. 55. The Motion is unopposed within the time set by LCvR7.1(g). In the exercise of discretion, the Court deems the Motion confessed and finds that it should be **GRANTED.**

**BACKGROUND**

On August 27, 2018, Plaintiff filed the present action alleging that Defendants were in breach of four wholesale supply agreements. *See* Compl. [Doc. No. 1] at ¶¶ 7, 15. Under the agreements, Defendants agreed to purchase a minimum number of gallons of fuel annually from Plaintiff's predecessor, Star Fuel of Oklahoma, LLC. *Id.* at ¶ 7.

On May 2, 2022, the Court entered an order setting the case for non-jury trial on August 16, 2022. *See* Order [Doc. No. 76]. On August 5, 2022, the Court entered an order setting a pretrial conference for August 11, 2022, at 1:30 p.m. *See* Order [Doc. No. 78]. Plaintiff appeared for the August 11, 2022, pretrial conference; Defendants Patty and

Jeffrey P. Bales, defending this action *pro se*, failed to appear.[1] Pursuant to Fed. R. Civ. P. 55, Plaintiff moves for an entry of default judgment in the amount of $1,365,966.62, plus interest, costs, and reasonable attorneys' fees.

**DISCUSSION**

The entry of default judgment is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d 761, 764-65 (10th Cir. 2016). The Court may consider a variety of factors in the exercise of such discretion, including:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[2] "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing [default judgment] as a sanction." *Id.* Although generally disfavored, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

Upon application of these factors to the current case, the Court concludes that the entry of default judgement against Defendants Patty and Jeffrey P. Bales is appropriate.

---

[1] Plaintiff's Motion for Default Judgment against Defendant Bob Burk Oil Co., Inc. [Doc. No. 26] was previously granted based on Defendant Bob Burk Oil Co., Inc.'s failure to appear through counsel. *See* Order [Doc. No. 44].

[2] "Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011)).

Plaintiff has expended considerable time and expense litigating the present action since filing its complaint in August of 2018, and Defendants' actions have caused delay and mounting attorneys' fees. Failing to comply with this Court's Order, Defendants did not appear for the August 11, 2022, pretrial conference, which required the Court to strike the August 16, 2022, trial setting. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Importers*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("The failure to appear at a duly scheduled trial after months of preparation by the parties and by the trial court is a serious offense for which the entry of a default [under Rule 55] is appropriate.").

In addition, Defendants failed to respond to Plaintiff's Motion for Default Judgment and have not evinced any intent to continue to defend the present action. As the Court cannot indefinitely stall the progress of this case, the entry of default judgment is an appropriate measure.[3]

Although Defendants' actions here warrant the entry of a default judgment, the Court must still determine whether the uncontested facts establish a legitimate cause of action. *See Mathiason v. Aquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269, 1274-75 (D. Kan. 2016). Plaintiff's Complaint alleges that in February of 2015, Defendants entered into four agreements with Star Fuel of Oklahoma, LLC—Plaintiff's predecessor[4]—to

[3] For these same reasons, the Court determines that Defendants' counterclaims must also be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating that, when the factors set forth in *Ehrenhaus* outweigh the judicial system's strong predisposition to resolve cases on their merits, dismissal with prejudice under Fed. R. Civ. P. 41(b) is warranted) (internal quotation omitted).

[4] On February 22, 2016, Star Fuel sold, transferred, and assigned to Plaintiff World Fuel all of its rights, title, and interest under the four agreements.

purchase a minimum amount of fuel annually over a certain period of time. *See* Compl. [Doc. No. 1] at ¶ 7. Specifically, the agreements required Defendants to purchase the following minimum amounts of fuel annually during the contractual term:

a. 3215 South Boomer Road, Stillwater, Oklahoma – 4,117,654 gallons;
b. 606 Highway 177 South, Carney, Oklahoma – 706,271 gallons;
c. 102 North Main, Jennings, Oklahoma – 312,780 gallons;
d. 614 North Central, Billings, Oklahoma – 277,713 gallons.

*Id.*; Am. Final Pretrial Report ("AFPR") [Doc. No. 72], Stipulated Fact No. 7.[5]

Each agreement contained a "Default/Termination" Section. The "Default/ Termination" Sections provided that Defendants' failure to timely make any payment due under the agreement constituted a default under the agreement if Defendants failed to cure the default within five days after receiving written notice of such default. *See* Compl. [Doc. No. 1] at ¶ 8; AFPR, Stipulated Fact No. 8.

The "Default/Termination" Sections further provided that, if Defendants defaulted under the agreements before the expiration of the agreements' terms, Star Fuel may exercise all rights and remedies available to it. *See* Compl. [Doc. No. 1] at ¶ 9; AFPR, Stipulated Fact No. 8. These rights and remedies provided that:

a. Defendants shall pay or reimburse Star Fuel for any unamortized, unpaid, or unrealized portion of the financial assistance, imaging, or branding costs, rebates, or incentives provided to Defendants by Star Fuel;
b. Defendants shall pay Star Fuel in full all amounts due for fuel purchased under the agreement; and

[5] The parties stipulated to several undisputed facts in the Amended Final Pretrial Report [Doc. No. 72].

c. Defendants shall pay Star Fuel liquidated damages[6] of two cents per gallon of fuel for the minimum annual number of gallons of fuel Defendants were obligated to purchase and Star Fuel was obligated to sell under the contracts.

*Id*.

During the agreements' terms, Defendants defaulted for failure to make a timely payment. *See* Compl. [Doc. No. 1] at ¶ 15. On May 24, 2018, Plaintiff provided Defendants with written notice of their monetary defaults; Defendants did not cure the defaults within the requisite five-day time period. *See* Compl. [Doc. No. 1] at ¶ 16; AFPR, Stipulated Fact No. 12.

Accordingly, the Court concludes that a contract was formed between the parties, there was a breach by Defendants, and Plaintiff suffered calculable damages as a direct result of that breach. *See Digital Design Group, Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001) (To demonstrate a breach of contract, Plaintiff must prove "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach.").

Finally, the Court turns to damages. "A court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985); *see also Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30,

[6] Defendants agreed that their failure to purchase the minimum quantities required under the agreements would result in serious losses to Star Fuel. The parties further acknowledged that the amount of those losses would be difficult, if not impossible, to ascertain. Defendants acknowledged and agreed that the liquidated damage amounts were a reasonable estimate of Star Fuel's damages. *See* Compl. [Doc. No. 1] at ¶ 10; AFPR, Stipulated Fact No. 9.

2012) ("Damages may be awarded . . . if the record adequately reflects the basis for award via a demonstration by detailed affidavits establishing the necessary facts.").

Pursuant to Defendants' breach under the four wholesale supply agreements, Plaintiff seeks a total damages award of $1,365,966.62. Because this amount is capable of mathematical calculation, no hearing is required. The amount is comprised of: (1) the total amount due for fuel purchased by Defendants ($597,092.23); (2) unamortized charges ($28,903.93); and (3) liquidated damages ($739,970.46).[7] Plaintiff is further entitled to recover pre- and post-judgment interest as allowed by statute, costs, and reasonable attorneys' fees as may be determined on separate motion by Plaintiff. A separate Default Judgment shall be issued accordingly. [8]

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [Doc. No. 81] is **GRANTED** as set forth herein.

---

[7] Each agreement set forth a damage formula that applied if Defendants defaulted; Defendants do not dispute the damage formulas. *See* AFPR, Stipulated Fact No. 8. Plaintiff's Vice President, David Milligan, submitted a detailed affidavit summarizing the total amount due for fuel, unamortized damages, and liquidated damages pursuant to the stipulated damage formulas. These amounts were supported by Plaintiff's internal business records, which were attached to the affidavit. *See* [Doc. No. 81-1].

[8] The Court previously granted Plaintiff's Motion for Default Judgment against Defendant Bob Burk Oil Co., Inc. *See* Order dated June 18, 2020 [Doc. No. 44]. The Court noted that an evidentiary hearing was required to ascertain damages, as damages were incalculable based on the record at that point in time. Pursuant to factual development of the record, the Court is able to ascertain the total damages award as discussed above. Thus, the Court concludes that the judgment in favor of Plaintiff in the amount of $1,365,966.62 shall be against Defendants Patty Bales, Jeffery P. Bales, and Bob Burk Oil Co., Inc.

**IT IS FURTHER ORDERED** that Defendants' counterclaims are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** this 26th day of September, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge