## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WORLD FUEL SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-827-D |
| | ) |
| JEFFREY P. BALES, | ) |
| PATTY BALES, | ) |
| BOB BURK OIL CO., INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff World Fuel Services, Inc.'s, Motion for Attorney Fees [Doc. No. 84]. The Motion is unopposed within the time set by LCvR7.1(g). In the exercise of discretion, the Court deems the Motion confessed and finds that it should be **GRANTED.**

## BACKGROUND

On August 27, 2018, Plaintiff filed the present action alleging that Defendants were in breach of four wholesale supply agreements. *See* Compl. [Doc. No. 1] at ¶¶ 7, 15. Under the agreements, Defendants agreed to purchase a minimum number of gallons of fuel annually from Plaintiff's predecessor, Star Fuel of Oklahoma, LLC. *Id.* at ¶ 7. Defendants filed an answer in which they asserted several affirmative defenses and brought five counterclaims against Plaintiff. *See* First Am. Answer [Doc. No. 16].

The parties then engaged in written discovery, exchanging more than 20,000 pages of documents. *See* Joint Mot. to Am. [Doc. No. 22]. Nearly four years after the action was

initiated, the Court set the case for non-jury trial on August 16, 2022, and scheduled a pretrial conference for August 11, 2022. 5/2/22 Order [Doc. No. 76]; 8/5/22 Order [Doc. No. 78]. Although Plaintiff appeared for the pretrial conference, Defendants Patty and Jeffrey P. Bales failed to appear.[1] The Court subsequently entered default judgment in favor of Plaintiff World Fuel Services, Inc. against Defendants Bob Burk Oil Co., Inc., Patty Bales, and Jeffrey P. Bales for damages in the amount of $1,365,966.62. *See* J. [Doc. No. 85]. Plaintiff has submitted extensive documentation in support of its request that the Court enter judgment against Defendants for attorneys' fees in the amount of $133,638.50.

## DISCUSSION

"In this circuit, the matter of attorney's fees in a diversity suit is substantive and is controlled by state law." *Boyd Rosene and Assocs., Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997). Under Oklahoma law, in a breach of contract action, the prevailing party is entitled to recover its attorneys' fees when the contract so provides. *See, e.g., Patel v. Tulsa Pain Consultants, Inc., P.C.*, 511 P.3d 1059, 1063-64 (Okla. 2022). Each of the four wholesale supply agreements at issue states: "In the event of any litigation between the parties with respect to any aspect of this Agreement or any rights hereunder or any claim of default, the prevailing party shall be entitled to be reimbursed its reasonable attorneys' fees and expenses from and by the losing party." *See* Pl.'s Mot. for Order, Ex. Nos. 1-4 [Doc. No. 58]. Additionally, Okla. Stat. tit. 12, § 936 provides for the award of

---

[1] A default judgment was previously entered against Defendant Bob Burk Oil Co., Inc. based on its failure to appear through counsel. *See* 6/18/20 Order [Doc. No. 44].

reasonable attorneys' fees to the prevailing party in a civil action to recover on an open account or contract relating to the purchase or sale of goods.

Based on the foregoing determination of default judgment and award of damages, Plaintiff is the prevailing party in this matter. *See, e.g., Comanche Nation of Okla. ex rel. Comanche Nation Tourism Ctr. v. Coffey*, 480 P.3d 271, 278 (Okla. 2020) (defining "prevailing party" as one "for whom final judgment is rendered"). Additionally, upon consideration of the law, the record, and the facts shown by Plaintiff's motion, the Court concludes that the amount of fees requested is reasonable.[2]

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees [Doc. No. 84] is **GRANTED** as set forth herein. A separate judgment shall be issued accordingly.

**IT IS SO ORDERED** this 2nd day of November, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] As noted, Plaintiff's motion is unopposed by Defendants within the time period for a response, and in the exercise of discretion under LCvR7.1(g), the Court deems it confessed.